Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DONALD RAY YOUNG,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:05CV00534 |
| | ) | |
| **v.** | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Kent Wicker, Reed Wicker PLLC, Louisville, Kentucky, and John P. Fishwick, Jr., Lichtenstein, Fishwick & Johnson PLC, Roanoke, Virginia, for Petitioner; Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia, for Respondent.*

Petitioner Donald Ray Young, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 2005). In his motion, the petitioner contests the validity of his 2004 conviction and sentence by this court. The petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel. The government has filed a Motion to Dismiss, based on a provision of the petitioner's plea agreement in which he waived his right to file a § 2255 motion. After a thorough consideration of the parties' arguments, I find that the waiver bars all but one of the petitioner's claims.

The remaining claim—that his attorney denied Young's right of appeal—is not barred by the § 2255 waiver and must be the subject of an evidentiary hearing.

I

The petitioner and his wife, Teresa Diane Young, were named in a six-count indictment on April 6, 2004. The indictment charged them with conspiring to possess and distribute oxycodone, in violation of 21 U.S.C.A § 846 (West 1999) (Count One). The indictment also charged them with one count of distributing oxycodone, in violation of 21 U.S.C.A. 841(a)(1) (West 1999) (Count Two) and three counts of possessing a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005) (Counts Three through Five). The indictment also included one forfeiture count (Count Six).

On June 18, 2004, pursuant to a written plea agreement, the petitioner pled guilty to Counts One and Four of the indictment. Following a presentence investigation, the court sentenced the petitioner to a total of 120 months of imprisonment on August 23, 2004. There was no appeal.

The plea agreement signed by the petitioner contains a waiver of his right to collaterally attack his sentence. This provision provides that "I agree not to collaterally attack the judgment and/or sentence imposed in this case and waive my

- 2 -

right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court." The petitioner now claims that this waiver does not bar his present motion based on his claims of ineffective assistance of counsel.

The petitioner now alleges in his present § 2255 motion that his former attorney provided ineffective assistance in five ways. First, he claims that counsel was ineffective by failing to file an appeal as the petitioner requested. Second, the petitioner alleges that counsel was deficient by failing to object when the court treated the United States Sentencing Guidelines as mandatory during sentencing. Third, he claims that counsel provided ineffective assistance by failing to object when the government "fact bargained" with his wife. He claims that the government understated to the court the amount of drugs she was responsible for in order to induce her to testify against him during sentencing. Fourth, the petitioner alleges that counsel rendered ineffective assistance by advising him to plead guilty to the firearm offense despite his actual innocence of that crime. He claims that the government's proffered evidence was insufficient to convict him and that had he been properly advised he would not have pled guilty to this offense. Fifth, the petitioner claims that his counsel provided ineffective assistance by failing to object to the forfeiture of his

- 3 -

truck and between $5,500 and $6,000 in cash when there was no evidence that these items were in any way related to his sale of drugs.

## II

It is settled circuit law that a "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). When a petitioner's § 2255 motion asserts that such a waiver was not made knowingly and voluntarily, the district court must view the petitioner's allegations in light of the Rule 11 guilty plea hearing to determine whether they warrant summary dismissal. *Id.* at 220. A defendant's sworn affirmations during a properly conducted Rule 11 colloquy "'carry a strong presumption of verity'" and, in the absence of extraordinary circumstances, allegations that contradict these statements "are always 'palpably incredible' and 'patently frivolous or false.'" *Id*. at 221 (citations omitted). A district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. *Id.* at 222.

In *Lemaster*, the petitioner raised a number of ineffective assistance of counsel claims, some relating to the validity of the guilty plea and others to the counsel's representation during sentencing. *Lemaster*, 403 F.3d at 219. The district court

- 4 -

dismissed the motion after finding that the petitioner had knowingly and voluntarily waived his right to a collateral attack. *Id*. at 217. When the petitioner claimed that his waiver was not knowing or voluntary on appeal, the Fourth Circuit dismissed the claims relating to the voluntariness of plea after finding that they contradicted his Rule 11 testimony. *Id*. at 222-23. The court did not address those claims of ineffective assistance of counsel not relating to the voluntariness of the plea, treating them as barred by the waiver. *Id*. at 219.

In accordance with *Lemaster*, I will compare the petitioner's Rule 11 testimony with the claims he now makes regarding the ineffective assistance of counsel and the voluntariness of his guilty plea. Absent extraordinary circumstances, the court should summarily dismiss any claim contradicting the defendant's sworn Rule 11 testimony. Ineffective assistance of counsel claims not relating to the voluntariness of his guilty plea should be dismissed as barred upon a finding that the petitioner entered into the plea agreement and waiver knowingly and voluntarily.

Upon reviewing the transcript of the Rule 11 colloquy, it is clear that the petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. During the petitioner's Rule 11 colloquy, the court confirmed that the petitioner was competent to plead guilty; that he had discussed the indictment and plea agreement with his lawyer; that he had read and signed each page

of the plea agreement; that he understood that he was waiving his right to collaterally attack his conviction and sentence; that no one had made any threats in order to cause him to plead guilty; and that no one had made any promises other than those in the plea agreement to cause him to plead guilty.

The petitioner, it should be noted, does not claim that his waiver of rights was not knowing and voluntary. He does claim that his counsel convinced him to plead guilty to the § 924(c) violation despite the prosecution's lack of evidence as to a key element of the offense. The petitioner asserts his innocence of this charge and claims that he would not have pled guilty if his lawyer had advised him better. Nonetheless, the record shows that after the court explained to him what the government would have to prove in connection with that offense, he testified that he understood the government's burden and still wished to plead guilty. This testimony establishes that he understood the offense with which he was charged and voluntarily pled guilty. Accordingly, this claim is barred by his § 2255 waiver.

The petitioner also alleges that counsel provided ineffective assistance by failing to object to the court's use of the sentencing guidelines. He does not, however, claim that this alleged deficiency affected the validity of his § 2255 waiver. Nor do I see how it could, given that it occurred after the petitioner pled guilty and waived his rights to file this collateral attack. I find that this claim is waived.

- 6 -

The petitioner also alleges that he received ineffective assistance of counsel when his counsel failed to object to the government's "fact bargaining" with his wife. He claims that this occurred when the government downplayed the amount of drugs she sold in order to induce her to testify against her husband. Again, the petitioner does not explain how this allegedly deficient representation in any way affected his waiver of collateral attack rights. Accordingly, I find that this claim is waived.

The petitioner claims that counsel was ineffective for agreeing to a forfeiture of his property despite its lack of connection to his drug crimes. This claim in no way relates to the validity of his guilty plea or § 2255 waiver and is therefore barred.

### III

The final claim, that counsel was unconstitutionally ineffective when he failed to file an appeal per petitioner's request, relates to conduct occurring after the guilty plea and, consequently, could arguably be said to fall within the scope of the § 2255 waiver. Judge Michael found this to be the case in *Braxton v. United States*, 358 F. Supp. 2d 497, 505 (W.D. Va. 2005), holding that a § 2255 waiver barred such a claim because the alleged misconduct occurred several months after the guilty plea and was unlikely to have affected the validity of either the plea or the negotiation of the waiver. Such an outcome, however, would be unjust in this case. Unlike *Braxton*,

Case 7:05-cv-00534-JPJ-mfu   Document 14   Filed 02/26/06   Page 7 of 9   Pageid#: 282

the petitioner here did not waive his right to file a direct appeal. The petitioner alleges that he specifically rejected an earlier draft of the plea agreement that contained an appeal waiver because he wished to keep that right. Barring the petitioner from challenging his counsel's alleged failure to file an appeal would, in effect, leave him without a remedy for the right that he had bargained to retain. Accordingly, the government's Motion to Dismiss will be denied as to this claim.[1]

The petitioner's former counsel denies in an affidavit that the petitioner ever requested an appeal. This, of course, creates a factual dispute with the petitioner's allegations. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000) (holding that a defendant need show only but for counsel's ineffectiveness, an appeal would have been filed, regardless of the probability of success on appeal). Accordingly, I will hold an evidentiary hearing to determine whether the petitioner was in fact denied an appeal by reason of his attorney's acts or omissions.[2]

---

[1] In *Braxton* Judge Michael distinguished the § 2255 waiver there from the Fourth Circuit's holding in *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994), that a direct appeal waiver in a plea agreement does not bar a defendant from raising a claim that the sentencing hearing was conducted in violation of the constitutional right to counsel. 358 F. Supp. 2d at 502-03. Collateral-attack waivers are different, because ineffective assistance claims are not normally addressed on direct appeal. To apply *Attar* to § 2255 waivers would "render all such waivers virtually meaningless." *Id.* at 503.

[2] The petitioner points out that his former attorney's affidavit contains the erroneous statement that the petitioner's plea agreement "precludes any appeal except for limited reasons." (Bledsoe Aff. ¶ 1.) Accordingly, it may be the case that the petitioner was improperly advised as to his right of appeal.

IV

I find that the petitioner knowingly and voluntarily entered into a plea agreement that contained a valid collateral-attack waiver. As a result, the respondent's Motion to Dismiss must be granted as to all claims except his claim that counsel was constitutionally ineffective in connection with a direct appeal.

Accordingly, it is hereby **ORDERED** that the respondent's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss is denied with respect to the petitioner's claim that counsel was constitutionally ineffective in connection with a direct appeal. The Motion to Dismiss is granted as to all remaining claims. The clerk is directed to schedule an evidentiary hearing.

ENTER: February 26, 2006

/s/ JAMES P. JONES
Chief United States District Judge

- 9 -